# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

     v.                                  CRIMINAL NO. 2004-10336-NMG-09

JOSE RODRIGUEZ,
        Defendant.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

      Jose Rodriguez("the defendant") appeared on November 22, 2004 with counsel for a detention hearing. The defendant is charged in Count 1 with conspiracy to possess with intent to distribute a kilo of heroin in violation of 21 U.S.C. § 846. This offense is within the category of "...an offense described in 18 U.S.C. § 3142(f)(1)(C)."

      The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...(of release)

will reasonably assure the appearance of the person as required and the safety of any other person and the community...".

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar. The statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21U.S.C. 955a), or an offense under section 924(c) of Title 18 of the United States Code.

Emphasis supplied.

The defendant is charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carries a maximum sentence of ten years or more imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if I find that there is probable cause to believe that the defendant

committed the offense charged in the Indictment. Although this presumption does not shift the burden of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Jessup*, 757 2d 378 (l Cir., l985); *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987).

The first issue then is whether there is probable cause to believe that the defendant committed the offense with which he is charged. The return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas*, 804 F.2d 157, 163 (1 Cir., 1986).

The second issue is whether the defendant has met his burden of production. I find that he has. Nevertheless I find, first, that there are no conditions of release which will reasonably assure the defendant's appearance and, second, that there are no conditions which will reasonably assure the safety of other persons and the community. *See* 18 U.S.C. § 3142(g)(4). I find

that the facts upon which I base the second finding conclusion have been proven by clear and convincing evidence.

As to the risk of flight, I note that the defendant has numerous defaults on his record, the latest being in 2003. He faces a minimum mandatory five year sentence on Count 1 upon conviction. His life expectancy is short due to his being infected by HIV; the incentive to flee to avoid serving a long prison sentence in these circumstances is very real.

The nature and circumstances of the offense are quite serious. On June 7, 2003, he was found by the police to have been in possession of 60 grams of heroin. When he was arrested in November, 2004, he had 20 baggies of heroin on his person. It is likely that the defendant will be convicted and sentenced to jail.

Given all these facts, the Court finds that the Government has proven by a preponderance of the evidence that there are no conditions or combination of conditions which will reasonably assure the defendant's appearance. It is more likely than not that if released, the defendant will default.

With respect to dangerousness, the defendant is charged with conspiracy to distribute heroin. It is clear that in enacting the Bail Reform Act of 1984, Congress was of the view that persons who were able to deal in narcotic drugs

were a danger to the community. Referring to offenses prescribed by the Controlled Substances Act which are punishable by more than ten years, the writers of the House Report noted that "[t]hese are serious and dangerous Federal offenses" and, in footnote 59, noted that the "...concept of danger to the safety of the community includes drug trafficking" citing *United States v. Hawkins*, 617 F.2d 59 (5 Cir., 1980). In that case, the Court of Appeals for the Fifth Circuit affirmed a District Judge's denial of bail on the ground that "...from all the surrounding circumstances that the risk of continued drug activity by [the defendant] was so high that he is a danger to the community." *Id*. at 61. In short, Congress plainly was of the view that a risk of trafficking in narcotics such as heroin posed a danger to other persons and the community.

The defendant has a history of prior convictions for narcotics offenses and crimes of violence. In 1982, he was convicted on knowingly possessing heroin and received a six month probationary sentence. In 1983, he was committed to serve the six months prison sentence. In November, 1983, he was given a probationary sentence by the Middlesex Superior Court for possessing with intent to distribute a Class A substance. In 1985 he was sentenced to 6-10 years in prison by the Middlesex Superior court for armed assault with itnet to rob

and assault and battery with a dangerous weapon. In 1993, the defendant was found guilty of possession of a Class A substance, and the charge was filed. Later in 1993 he was convicted of manufacturing a Class A substance and was sentenced to a year in prison. In 1996 he was convicted of possession of a Class A substance and received a two and one-half year sentence.

On April 29, 2003, he was charged in the Lowell District Court with conspiracy to violate the Controlled Substances Act, possession of a controlled substance in a school zone and possession with intent to distribute a Class A substance. He was on bail for those offenses when the offense charged in the instant case was alleged to have been committed. This is a factor which Congress has specifically mandated be taken into account. *See* 18 U.S.C. § 3142(g)(3)(B).

I further note that the defendant is and has been a heroin addict for over twenty years. In these circumstances, I find no reasonable assurance that if released, he would not engage in the drug trade to feed his habit.

In making the determination that there are no conditions or combinations of conditions of release which will reasonably assure that the defendant would not be a danger, I do incorporate into the calculus Congress's judgment that

defendants who have probably committed serious drug felonies are dangerous, as I am permitted to do under the cases of *United States v. Jessup, supra* and *United States v. Palmer-Contreras, supra.*

Pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

> (l) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by either defendant filing a motion for revocation or amendment of the within Order pursuant to

18 U.S.C. Sec. 3145(b).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge


Date:  January 11, 2005.