UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CRIMINAL ACTION |
| | ) | No. 04-10336-NMG |
| JOSE O. RODRIGUEZ | ) | |

**MOTION TO SUPRRESS AND
INCORPORATED MEMORANDUM OF LAW**

Now comes the defendant in the above-named case and respectfully moves this Honorable Court to order suppressed the fruits of a police stop of a vehicle in which he was a passenger and the subsequent searches conducted thereafter. See *Wong Sun v. United States*, 371 U.S. 471 (1963). In support of this motion the defendant relies on the Affidavit filed herewith and says as follows:

1. That on June 6, 2004 he left his apartment on foot and was walking when he was picked up by an acquaintance as he passed by in his car.

2. Thereafter, the car was stopped by the Lowell police for no apparent reason. The Lowell police report filed in connection with this stop does not allege any traffic violation, but instead claims "received information" and suspicious observations.

3. The defendant was ordered out of the car and was searched. That search led to the discovery of a quantity of heroin and thereafter to a search warrant for his apartment.

4. There is no indication from the discovery provided to date or from the Lowell police report that the police had a warrant of any kind justifying the stop and subsequent search of the defendant.

5. A warrantless search is presumed unreasonable. *Katz v. United States*, 389 U.S. 347, 357 (1967). Thus the government bears the burden of proving that its warrantless actions

were justified. See *Coolidge v. New Hampshire,* 403 U.S. 443, 455 (1971) (government has burden of proving exception to warrant requirement); Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 11.2(b), at 218 (2d ed. 1987) ("[I]f the police acted without a warrant the burden of proof is on the prosecution.").

6. The search warrant obtained for the apartment was an exploitation of the previous illegality. Both the decision to seek the warrant and the decision to issue it were influenced by the initial illegal stop. See *Murray v. United States*, 487 U.S. 533 (1988).

    Respectfully submitted,
    By his attorney,

    /s/ Robert Sheketoff
    Robert Sheketoff
    BBO No. 457340
    One McKinley Square
    Boston, MA 02109
    (617) 367-3449