**United States District Court**
**District of Massachusetts**

|                                  |   |                     |
|----------------------------------|---|---------------------|
| **UNITED STATES OF AMERICA,**    | ) |                     |
|                                  | ) |                     |
|                                  | ) | **Criminal Action No.** |
| **v.**                           | ) | **04-10336-NMG**    |
|                                  | ) |                     |
|                                  | ) |                     |
| **JULIO CARRION SANTIAGO et al.,** | ) |                   |
|                                  | ) |                     |
| **Defendants.**                  | ) |                     |
|                                  | ) |                     |

**MEMORANDUM & ORDER**

**GORTON, J.**

The Superseding Indictment in this case charges 12
defendants in connection with a heroin distribution ring which
operated from late 2003 to mid-October, 2004. Defendant Jose
Rodriguez ("Rodriguez") is charged with conspiracy to
to possess with the intent to distribute, and to distribute,
heroin.

On March 23, 2006, defendant Rodriguez filed a motion to
suppress evidence derived from an allegedly unjustified police
stop of a vehicle in which he was riding. The police found
heroin on Rodriguez at the time of that stop, a discovery which
led to the acquisition of a search warrant for his apartment
where additional heroin was found. Rodriguez seeks to exclude
from evidence all fruits of the initial stop and subsequent

-1-

searches.

At a status conference held on the same day that his motion
to suppress was filed, Rodriguez conceded that his motion was
untimely because United States Magistrate Judge Robert B.
Collings had imposed a deadline of April 13, 2005, for all
pretrial motions unrelated to discovery in this case. Rodriguez
requested, nevertheless, that the untimeliness of his motion be
excused on the ground that he had recently retained new counsel.
His previous counsel, appointed under the Criminal Justice Act,
was terminated in January, 2006. New counsel disavowed any
knowledge of why a timely motion to suppress had not been filed.
The Court indicated a willingness to consider defendant's motion
and provided the government time to respond, pursuant to which
the government has since 1) moved to strike Rodriguez's motion to
suppress on the basis of its untimeliness and 2) opposed that
same motion on the merits.

Under Fed. R. Crim. P. 12(e), a party who fails to move for
the suppression of evidence prior to a court-imposed deadline or
extension waives his objection to that evidence unless the court
finds "good cause" to grant relief from waiver. The government
contends that a mere change of counsel should not be deemed good
cause but the Court will not deny the motion to suppress on that
basis alone. There is no indication that Rodriguez changed
attorneys for the principal purpose of filing a late motion to

-2-

suppress. Cf. United States v. Nunez, 19 F.3d 719, 722 (1st Cir. 1994) (no good cause for an untimely motion to suppress where the asserted reason for the delay was an "unexplained change of mind ... brought on by the defendant's tactical decision"). Moreover, it does not appear that the government will be unduly prejudiced by the Court's consideration of the motion.

As noted above, Rodriguez contends that the evidence against him should be suppressed to the extent that its discovery derived from a warrantless and allegedly unjustified stop of a vehicle in which he was a passenger. The government responds that suppression is not merited because 1) police surveillance of Rodriguez prior to his entering the vehicle gave rise to suspicions of narcotics activity sufficient to justify a warrantless stop and search and 2) the search warrant for Rodriguez's apartment was based not only on the heroin discovered at the time of the vehicle stop but also upon other, independent evidence.

Rodriguez has offered no evidence disputing the facts set forth by the government and neither party has requested an evidentiary hearing. Based upon its consideration of the parties' pleadings and relevant legal precedent, the Court is persuaded to deny defendant's motion.

In April, 2003, officers of the Lowell Police Department obtained a search warrant for Rodriguez's residence on the basis

-3-

of information from two confidential informants who linked the defendant to heroin distribution activities in the area.  From their execution of that warrant on April 18, 2003, officers netted 77 baggies of heroin and various drug-related paraphernalia.

Beginning in March, 2004, the federal Drug Enforcement Administration began an extensive wiretap and surveillance investigation of numerous defendants in the instant lawsuit. That investigation produced evidence that Rodriguez was being supplied heroin by co-defendant Julio Santiago ("Santiago"). Around noon on June 6, 2004, an officer who was monitoring an intercepted telephone conversation between Santiago and Rodriguez heard them discuss a transfer later that day of "60 dollars" which, based upon the officer's previous experience in the investigation, he interpreted as meaning that Santiago would transfer 60 grams of heroin to Rodriguez.  Surveillance conducted that afternoon followed Santiago from his residence to Rodriguez's apartment where he stayed for approximately half an hour and then left.

About two hours later, Rodriguez was seen leaving his apartment on foot, looking cautiously in all directions and with his right hand shoved deeply into a pocket of his baggy running pants.  Not far from his apartment, he flagged and then entered a black BMW that was apparently driven by an acquaintance.  A

-4-

member of the surveillance unit who had been monitoring
Rodriguez's apartment contacted the Lowell Police Department to
request that a marked car assist them in stopping the BMW.  A
Lowell police detective subsequently pulled over the vehicle and
ordered both its driver and Rodriguez to get out.  As an officer
was "pat-frisking" Rodriguez, a clear plastic baggie containing
what was later determined to be approximately 10 grams of heroin
fell from his pant leg.  A loaded .22 caliber revolver and a
small amount of marijuana were found in the car.  Both men were
arrested.

On that same day following the arrest, officers of the
Lowell Police Department obtained a warrant to search Rodriguez's
apartment on the basis of an affidavit which documented not only
the stop of the BMW but also the circumstances of the search
conducted in April, 2003.  Pursuant to their execution of the
search warrant on that evening, officers found an additional 50
grams of heroin in Rodriguez's apartment.

Warrantless searches are presumptively unreasonable unless
they fall within "a few specifically established and well-
delineated exceptions".  Katz v. United States, 389 U.S. 347, 357
(1967).  The Court agrees with the government that the searches
and seizures conducted with respect to Rodriguez were lawfully
supported by probable cause and exigent circumstances.

An automobile may be stopped and searched without a warrant

-5-

where officers have probable cause to believe that the vehicle is being used in relation to criminal activity. See United States v. Lopez, 380 F.3d 538, 543 (1st Cir. 2004) ("A warrantless search of an automobile will be upheld if 'officers have probable cause to believe that the vehicle contains contraband.'") (quoting United States v. Ross, 456 U.S. 798, 808 (1982)); United States v. Ferrara, 539 F.2d 799, 801 (1st Cir. 1976) (factual coincidences gave rise to probable cause that truck contained stolen goods). Under the "fellow-officer" rule, courts are to consider the collective knowledge of law enforcement officers cooperating in an investigation when determining whether probable cause existed to conduct a warrantless search. See United States v. Meade, 110 F.3d 190, 193-94 (1st Cir. 1997).

In this case, the officers who stopped the BMW had ample reason to believe that criminal activity had occurred and that the fruits of such activity might be with Rodriguez in the car. See Ferrara, supra. In addition, given the mobility of the vehicle and the ease with which narcotics can be disseminated or destroyed, the officers' decision to stop the BMW was supported by a "compelling necessity for immediate action [that would] not brook the delay of obtaining a warrant". See United States v. Wilson, 36 F.3d 205, 209 (1st Cir. 1994) (quoting United States v. Adams, 621 F.2d 41, 44 (1st Cir. 1980)).

For the same reasons, the Court concludes that the

-6-

warrantless search of Rodriguez's person was reasonable. Based upon their interception of phone calls between Santiago and Rodriguez and their surveillance of activity by those same individuals, officers justifiably suspected that Rodriguez was carrying narcotics at the time that the BMW was stopped. See United States v. Capelton, 350 F.3d 231, 239-41 (1st Cir. 2003) (finding probable cause to stop a vehicle and search its occupant under circumstances similar to this case). Furthermore, there was a risk that evidence could be "spirited away" if officers refrained from searching Rodriguez until they had obtained a warrant. Id. at 240 (quoting Florida v. White, 526 U.S. 559, 565 (1999)). Consequently, the pat-frisk of Rodriguez was proper as was the seizure of heroin that fell from his pocket. See Horton v. California, 496 U.S. 128 (1990) ("plain view" evidence may be seized even if its discovery was not inadvertent so long as the search was otherwise lawful).

Because the Court has determined that the circumstances of Rodriguez's arrest (i.e., the stop of the BMW, search of Rodriguez and seizure of heroin) were all lawful, there is no basis for the defendant's additional contention that the search warrant for his apartment was tainted.

## ORDER

Based on the foregoing memorandum, the government's Motion

to Strike Defendant's Motion to Suppress (Docket No. 220) is **DENIED** but the Defendant Rodriguez's Motion to Suppress (Docket No. 215) is likewise **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: May **2**, 2006