United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) <br> ) <br> v. ) <br> ) <br> Jose Rodriguez, ) <br> ) <br> Defendant. ) <br> ) | Criminal Action No. <br> 04-10336-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of defendant Jose Rodriguez ("defendant" or "Rodriguez") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

I. **Background**

In October, 2006, defendant was tried before a jury and convicted of one count charging him with conspiracy to distribute and to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. In May, 2007, this Court sentenced him to 264 months (22 years) in prison and eight years of supervised release. Rodriguez is currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania, and his projected release date is September 5, 2023.

Rodriguez requests that this Court order his immediate release to home confinement. He contends that his incarceration puts him at high risk of contracting COVID-19, particularly in light of his acquired immunodeficiency syndrome ("AIDS"). The government disagrees and urges this Court to deny defendant's motion.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A). Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

## B. Application

Rodriguez is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A).

Defendant claims that because he has AIDS he is at an increased risk of severe illness from COVID-19 thus warranting his release. He proffers no facts, however, to suggest that his illness substantially diminishes his capacity to care for himself and to participate in measures to protect against the transmission of COVID-19. In fact, defendant admits that he "has received excellent medical treatment from BOP staff for . . . HIV/AIDS." Several courts have denied motions for compassionate release filed by defendants suffering from AIDS without evidence of any inability to provide self-care. See United States v. Goins, 2020 U.S. Dist. LEXIS 106539, at *6 (S.D. Ala. 2020) (denying motion where defendant "has not provided any evidence that AIDS precludes his ability to care for himself in the prison-setting"); Riley v. United States, 2020 U.S. Dist. LEXIS 64513, at *17 (W.D. Wash. 2020) (same). Accordingly, defendant has not shown that the fact that he suffers from AIDS, without other extenuating circumstances, constitutes an "extraordinary and compelling" reason for his release.

Even if Rodriguez's AIDS were to constitute an extraordinary and compelling reason for release, a reduction in his sentence would be inconsistent with the § 3553(a) factors and the need to ensure the safety of the public. Defendant was sentenced as a career offender with a lengthy criminal history. He also participated in a drug distribution conspiracy involving large quantities of heroin. The seriousness of the offense and the need for just punishment and respect for the law weigh heavily against Rodriguez's release. § 3553(a)(2).

## ORDER

Accordingly, defendant's motion for compassionate release (Docket No. 674) and his prior pro se motion for compassionate release (Docket No. 670) are **DENIED** without prejudice.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated January 19, 2021